*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1828**

Veronica Anczarski,
Appellant,

vs.

Rick Palm, et al.,
Respondents.

**Filed November 9, 2015
Affirmed
Chutich, Judge**

Hennepin County District Court
File No. 27-CO-13-6942

Veronica Anczarski, Minneapolis, Minnesota (pro se appellant)

Bradley Crawford Mann, Elliot Law Offices, P.A., Minneapolis, Minnesota (for respondents)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant Veronica Anczarski, appearing on her own behalf, appeals the dismissal with prejudice of her complaint alleging negligent misrepresentation against respondents

Rick Palm and Palm Trading Co. Because the record supports the district court's finding that respondents did not intentionally or recklessly make a misrepresentation, we affirm.

## FACTS

Veronica Anczarski was the winning bidder in an online auction for a commercial cooking range sold by Rick Palm and Palm Trading Co. (together, Palm). Anczarski agrees that in making her purchase through USPowerBid she was required to and did check a box agreeing to abide by the terms and conditions of the auction.

The auction's terms and conditions explicitly provided:

> Bidders shall examine or inspect items prior to the day of the auction if this is available. ALL ITEMS ARE SOLD AS IS, WHERE IS AND WITH ALL FAULTS. NEITHER SELLER NOR USPowerBid MAKES ANY WARRANTY, EXPRESS OR IMPLIED, AS TO THE NATURE, QUALITY, VALUE OR CONDITION OF ANY ASSET. USPowerBid AND SELLER EXPRESSLY DISCLAIM ANY WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR NON-INFRINGEMENT.
> . . .
>
> Buyer acknowledges that it has had the opportunity to inspect all assets prior to tendering its bid and waives any claims against Auctioneer and/or seller relating to asset photographs or descriptions.
> . . .
>
> USPowerBid and the seller assume no responsibility for, and make no representations or warranties concerning descriptions of assets contained in marketing materials for the auction. It is the bidders' obligation to verify such descriptions prior to the auction.

At trial, Anczarski did not dispute the content of the terms and conditions nor her consent to those terms. She also acknowledged that she was an experienced USPowerBid buyer.

Dimensions of the range were listed on the USPowerBid website as 60.5 inches by 32 inches by 36 inches. Anczarski disputed the accuracy of these measurements and alleged that Palm deliberately misstated the dimensions so that prospective buyers would believe the range would fit through a standard doorway. Palm claimed that the measurements were accurate as to the main body of the range and that components such as legs, motor, and shelving could be detached to fit the range through a standard doorway.

The parties agree that Palm advertised that the range was available for inspection on four different dates before the close of the auction and that Anczarski did not physically inspect the range before purchase or delivery.

Two days after the close of the auction, the range was delivered from Palm's warehouse to Anczarski's bakery by Anczarski's contractor, Master Transfer (Master). Upon arrival, the Master employee could not fit the range through the bakery's doorway. Anczarski informed Palm by phone that Master would be returning the range to Palm's warehouse that same evening; Palm agreed to hold it for the night and redeliver it the next day and help Anczarski move it through her doorway. The Master employee who delivered the range could not return it because his shift ended, so Master dispatched another driver to the bakery.

In the meantime, the range was left unattended outside the bakery. Unfortunately, before the second driver arrived, the range was vandalized. The stolen materials and fixtures were collectively valued higher than the purchase payment of the range at auction.

At trial before the district court, Anczarski sought return of the purchase payment plus other costs, based on a theory of negligent misrepresentation by Palm. Palm sought dismissal of Anczarski's complaint and affirmatively sought damages for the cost of restoring the range to working condition.

The district court concluded that a valid contract was formed between Anczarski and Palm and that the contract was fully performed when the range was initially placed in the Master vehicle for delivery from Palm's warehouse to the bakery. The district court also determined that the range was delivered as conforming goods and that, at the time of the vandalism, Anczarski owned the range and was solely liable for all risk of loss. Additionally, the district court found that the dimensions listed on USPowerBid were not false as "general dimensions" and that Anczarski had the obligation to inspect the range before buying it.

The district court held that Palm should retain the range's purchase payment, but denied Palm's claim for damages. Anczarski's claims were dismissed with prejudice. She now appeals.

### D E C I S I O N

Anczarski claims that the district court erred in dismissing her claim of negligent misrepresentation against Palm. We disagree.

4

In reviewing an appeal from a bench trial, we give great deference to the district court's factual findings and do not set them aside unless clearly erroneous. *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013). Findings of fact are clearly erroneous only if the reviewing court is "left with the definite and firm conviction that a mistake has been made." *Gjovik v. Strope*, 401 N.W.2d 664, 667 (Minn. 1987). Additionally, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn. R. Civ. P. 52.01. Legal questions are reviewed de novo. *Rasmussen*, 832 N.W.2d at 797.

The Minnesota statutes place limits on common-law misrepresentation claims, providing that "[a] buyer may not bring a common law misrepresentation claim against a seller relating to the goods sold or leased unless the misrepresentation was made intentionally or recklessly." Minn. Stat. § 604.101, subd. 4 (2014).

Applying these principles here, we conclude that the record supports the district court's finding that Palm's representation concerning the range's dimensions was not false and that Palm therefore did not intentionally or recklessly misrepresent those dimensions. Palm provided testimonial and documentary evidence that the listed measurements were generally accurate as to the body of the range and that various components could be removed to fit the range into a vehicle or through a doorway. Accordingly, the district court properly dismissed Anczarski's negligent-misrepresentation claim and ruled that Anczarski is not entitled to recover any damages from Palm.

Anczarski further argues that USPowerBid's terms and conditions were voidable because they contained invalid exculpatory clauses that purported to shield Palm from liability for willful and wanton negligence, and intentional torts. Anczarski did not raise this theory before the district court. An appellate court must consider only issues that were presented to and considered by the trial court, and a party may not raise a new theory on an issue litigated at the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Even if we addressed the substance of this argument, however, it lacks merit. To be sure, an exculpatory clause is construed against the party that seeks to benefit from it and may be unenforceable if it "purports to release the benefited party from liability for intentional, willful or wanton acts." *Yang v. Voyagaire Houseboats, Inc.*, 701 N.W.2d 783, 789 (Minn. 2005). But here, given the district court's findings about the propriety of Palm's conduct, nothing in the record shows any intentional, willful, or wanton act that would support this claim.

**Affirmed.**